831 F.2d 293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re BELL & BECKWITH, Debtor,
Patrick A. McGRAW, Trustee, Plaintff-Appellee,
v.
Carl & Mae Jean ALLEN, Defendants-Appellants.
 No. 86-4015
 United States Court of Appeals, Sixth Circuit.
 October 5, 1987.
 
 Before ENGEL and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant debtors, Carl and Mae Jean Allen, appeal a judgment of the United States District Court for the Northern District of Ohio dismissing an appeal which they had sought to perfect from a judgment which, in turn, had been entered by the bankruptcy court.
 
 
 2
 The original action arose out of the liquidation of Bell & Beckwith. On August 1, 1986, the bankruptcy court entered judgment in favor of the trustee on four of his fourteen count complaint. Eight days later, on August 8, the debtors filed a Notice of Appeal of the $1,723,000 judgment against them with the clerk of the bankruptcy court pursuant to Bankruptcy Rule 8006. On August 11, only three days after the debtors' filing, the trustee served and filed motions for (1) amended and supplemental findings of fact pursuant to B.R. 7052(b); (2) amendment of the judgment pursuant to B.R. 9023; and (3) a new trial on one count of the trustee's second amended complaint pursuant to B.R. 9023. These motions were denied by the bankruptcy court on August 13. Debtors then proceeded to file the second step of their appeal, the Designation of the Record, with the clerk of the bankruptcy court on August 15, thereby claiming to have perfected their appeal.
 
 
 3
 In the district court the trustee moved that the action be dismissed for lack of jurisdiction, arguing that the debtors' appeal was invalid because they failed to refile the Notice of Appeal pursuant to B.R. 8002 after the trustee's three motions were denied by the bankruptcy court. The debtors conversely argued that a refiling is not required under the Bankruptcy Rules based on its unique two-stage procedure which creates a 'window of time' during which the appeal is filed only with the bankruptcy court. Debtors further argued that even if a refiling of the Notice of Appeal were required, their filing of the second step, the Designation of the Record, after the trustee's motions were denied is sufficient for meeting the Notice of Appeal requirements. The trial court found that Bankruptcy Rule 8002 does require a refiling and granted summary judgment in favor of the trustee.
 
 
 4
 Bankruptcy Rule 8002, which was relied upon by the district court in dismissing the appeal from the bankruptcy court, was tailored carefully after a corresponding rule, Rule 4(a)(4) of the Federal Rule of Appellate Procedure, which governs appeals from United States District Courts to the Courts of Appeal. In Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982), the Supreme Court held that the refiling requirement under Fed. Rule of App. Proc. 4(a)(4) is mandatory and cannot be waived for a premature appeal. Under such circumstances and as is evident by its own specific language, B.R. 8002(b) requires the filing of a new Notice of Appeal after the trustee's time-tolling motions have been filed and decided. In view of the express language of the rule, and in view further of the requirements of the bankruptcy rules that the forms specified therein be employed for purposes of Notices of Appeal, see B.R. 8001(a) and Official Bankruptcy Form No. 35, we are satisfied, as was the district judge, that the filing of a Designation of Record, though occurring after decision on the intervening motions, must be considered as an insufficient substitute for the filing of a new Notice of Appeal.
 
 
 5
 Accordingly, for the reasons stated by United States District Judge Nicholas J. Walinski and filed in the district court on October 21, 1986, the judgment of the district court is AFFIRMED.